UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILMIN JHONATHAN JIMENEZ
VASQUEZ,

   Petitioner,

  v.            CAUSE NO. 3:26cv253 DRL-SJF

BRIAN ENGLISH, Warden of Miami
Correctional Facility,

   Respondent.

<u>OPINION AND ORDER</u>

Immigration detainee Wilmin Jhonathan Jimenez Vasquez, without counsel, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Jimenez Vasquez is a citizen of the Dominican Republic who entered the United States without inspection [13-2]. He came to the attention of immigration officials in 2014 after an arrest on criminal charges in New Jersey, and removal proceedings were initiated against him. In 2022, he did not appear for an immigration hearing and was ordered removed *in absentia*. In 2024, he was arrested on a new criminal charge in New Jersey. In January 2025, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in New Jersey.

He then moved to reopen his removal proceedings, and this motion was granted because an immigration judge determined he did not receive proper notice of the original hearing. The judge since has ordered him removed to the Dominican Republic a second

time, and his appeal to the Board of Immigration Appeals (BIA) is currently pending. He is detained at Miami Correctional Facility pending the outcome of his removal proceedings, and claims that he has been unlawfully denied an opportunity for release on bond. He seeks immediate release from custody or a prompt custody redetermination hearing before an immigration judge.

In an order to show cause, the court directed the respondent to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The respondent was instructed to address why this case differs from *Aguilar* (or even *Singh*), why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. That response has been filed, and the time has expired for Mr. Jimenez Vasquez to file a reply.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Jimenez Vasquez's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguilar* and *Singh* (and other decisions). *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D.

2

Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently found in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States, *see Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025), and thereafter reached an opinion on the merits that echoed what this court has done, though one judge concurred in the judgment and not in each part of the opinion's rationale and one judge dissented such that at times it reads as 2-1 decision and at times, in effect, as a 1-1-1 decision, *see Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 2026 WL 1223250 (7th Cir. May 5, 2026). The Second Circuit, Sixth Circuit, and Eleventh Circuit reached a similar conclusion on the merits to *Aguilar* and *Singh*. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh*, not least in light of *Castañon-Nava*.

The question remains whether there is anything unique here that would warrant a different conclusion than that reached in both *Aguilar* and *Singh*. The court can find no such reason. Whether Mr. Jimenez Vasquez is an "applicant for admission" within the meaning

of § 1225(b)(2), he cannot be said to be "seeking admission" for the same reasons the court articulated in both *Aguilar* and *Singh*.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Under 8 U.S.C. § 1226(a), a noncitizen may be arrested and detained while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).[1] A noncitizen detained under § 1226 may be released by the Attorney General (subject to certain statutory limitations that no one argues apply here), or he may be detained pending a decision on whether he will be removed from the United States. See 8 U.S.C. §§ 1226(a), (c). Our high court likewise has recognized the permissive nature of this language. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-27 (2021); *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to

---

[1] The Warden does not argue that Mr. Jimenez Vasquez's criminal history makes him ineligible for bond under 8 U.S.C. § 1226(c), and it would be inappropriate for the court, as a neutral arbiter, to construct arguments for the parties. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule); *see also Margolin v. Nat'l Ass'n of Immigr. Judges*, 2026 WL 1463466, 2 (U.S. May 26, 2026) ("Federal courts adhere to the principle of party presentation," meaning "points not argued will not be considered").

4

property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

The court has oft said, and perhaps by now has said in ruling on nearly every habeas corpus petition of many immigration matters that have come before it—the parties, both noncitizens and the government alike, must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas*, 533 U.S. at 701; *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that they be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000). The seeds of this understanding rest "in the long-settled principle that the rules promulgated by

a federal agency, which regulate the rights and interests of others, are controlling upon the agency." *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991).

Mr. Jimenez Vasquez is entitled only to process consistent with his classification under § 1226(a). The government has decided what that process is by regulation, and Mr. Jimenez Vasquez gives no reason to believe that this process is undue or otherwise insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The Warden argues that if Mr. Jimenez Vasquez should be classified under 8 U.S.C. § 1226(a), he received the process he is due. Records reflect that Mr. Jimenez Vasquez has moved for a custody redetermination three times during his detention. The first time a hearing was scheduled, but his attorney withdrew the motion to gather additional evidence [13-2]. At the second hearing, the immigration judge granted him bond in the amount of $20,000. The government appealed, and the BIA reversed and remanded for further proceedings. On remand, the immigration judge denied bond, concluding that Mr. Jimenez Vasquez poses a flight risk. The record thus shows that Mr. Jimenez Vasquez received process in accordance with § 1226(a).

Further relief would be inappropriate. *See, e.g., Z.G. v. Olson*, __ F. Supp.3d. __, 2026 U.S. Dist. LEXIS 103414, 9-16 (N.D. Ind. May 11, 2026). It is somewhat difficult to discern the

6

contours of the claims in his amended petition;[2] but, to the extent he is asking the court to review the immigration judge's decision that he poses a flight risk, the court has no authority to do so because 8 U.S.C. § 1226(e) bars judicial review of "operational decisions" by the Attorney General to deny bond in a particular case. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see also Jennings*, 853 U.S. at 295 (recognizing discretionary nature of custody determinations under § 1226(a) and holding that "§ 1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release"). Certain types of challenges to a bond determination are not barred under 8 U.S.C. § 1226(e), *Jennings*, 583 U.S. at 295, but the amended petition does not clearly advance such a claim.

Instead, Mr. Jimenez Vasquez asserts that his prolonged detention exceeds what is reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which imposed time limits on post-removal detention under 8 U.S.C. § 1231. *Zadvydas* is not applicable, because his removal proceedings are not yet final and his detention is governed instead by 8 U.S.C. § 1226, not § 1231. And for reasons the court has articulated before, "[w]hatever good *Zadvydas* may have introduced to address [] concerns about another statute, that good should not be converted into mischief through the guise of constitutional gloss of this one." *Z.G.*, 2026 U.S. Dist. LEXIS 103414 at 20. No one can say removal is indefinite or practically unattainable or that detention "no longer bears a reasonable relation to the purpose for which [he] was

---

[2] The court must give his filings liberal construction because he is proceeding without counsel, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); but, at the same time, the court is not permitted to construct arguments for him, *see Clark*, 607 U.S. at 9.

committed" (flight risk). *Demore v. Kim*, 538 U.S. 510, 527-28 (quoting *Zadvydas*, 533 U.S. at 690-91).

His invocation of *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3rd Cir. 2018), a Third Circuit case recognizing a right to a hearing in cases of prolonged detention under § 1231 and later abrogated by *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), is unavailing for the same reason. So too is his citation to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), pertaining to detention under 8 U.S.C. § 1226(c), which no one says applies here. Therefore, he has not met his burden of establishing an entitlement to federal habeas relief.[3]

For these reasons, the court DENIES the amended petition [ECF 9] and DIRECTS the clerk to close this case.

SO ORDERED.

May 28, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

---

[3] In light of the Warden's argument that 8 U.S.C. § 1225(b)(2) applies, the court has considered whether to issue a finding that Mr. Jimenez Vasquez is not subject to detention under that statute. However, the court finds such action unnecessary because Mr. Jimenez Vasquez has not been denied bond under 8 U.S.C. § 1225(b)(2). Instead, he is detained because an immigration judge found him to be a flight risk.

8